SPRING 1811.
First District.

Answer to interrogatories extended to a fact, avoiding the debt.

*TAYLOR & HOOD* vs. *MORGAN.*

THE Plaintiff in the petition prayed that the defendant might answer whether he had not received the goods, for the amount of which the suit was brought, accompanied with an invoice in which he was charged therewith as a purchaser. The defendant answered in the affirmative, but added, that he had given no order therefor, and that the goods were shipped by order and for the account of a third person.

*Depeyster* now moved that the latter part of the answer might be striken off, as not called for by the question.

*Ellery contra.* The testimony of the defendant is called for by the plaintiff; he is therefore, like another witness to tell the *whole* truth, as well what charges, as what discharges, him.

*By the Court.* This mode of calling for testimony out of the defendant's mouth, established by an act of assembly, may properly be likened to the examination of the party on interrogatories. There is a case in *Ambler* which supports the defendant's position. The plaintiffs, in their examination, admitted the receipt of a parcel of sattins from the defendant, and in the same sentence one of them swore he had paid the defendant for them. The master refused to charge the plaintiffs with them. The defendant took the general exception and insisted that the plaintiffs

ought to have proven the avoidance, as they had confessed the receipt. But the chancellor overruled the objection. *Kilpatrick & Thrupp* vs. *Love. Ambler*, 589.

IN the case before this court there is a greater necessity of extending this rule ; for the fact that the goods were shipped at the instance and request of the plaintiffs, if it be proven that they were charged to them as purchasers, in the invoice accompanying them, will, perhaps, easily be presumed by the jury, as the fact of their not being ordered by them is a negative fact, which is incapable of any other proof, than the one which accompanies the admission.

THE case in *Ambler* is not a solitary one ; the last editor refers in the margin to that of *Talbot* and *Rutledge,* in which the same decision was made.

MOTION OVERRULED.